**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**DAZSER-ORL CORPORATION,**

      Plaintiff,

v.                                    Case No: 6:24-cv-121-ACC-EJK

**STEWARD MEDICAL GROUP, INC.,**

      Defendant.

## ORDER

This cause comes before the Court on Plaintiff's Second Motion for Clerk's Default (the "Motion") (Doc. 11), filed April 5, 2024. Upon consideration, the Motion is due to be granted.

### I.   BACKGROUND

Plaintiff filed a Complaint against Defendant Steward Medical Group, Inc., on January 19, 2024, asserting state law claims for breach of contract and unjust enrichment. (Doc. 1.) The Amended Verified Return of Service affidavit reflects that Defendant was served on January 29, 2024, through service on its registered agent, CT Corporation System. (Doc. 11-1.) Plaintiff now seeks entry of a clerk's default against Defendant for its failure to appear in this case. (Doc. 11.)

### II.   STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise,

the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Before the clerk may enter default, he or she must determine that effective service has been made on the defaulting defendant because, without effective service, there is no jurisdiction and no obligation to answer or "otherwise defend." *See Kelly v. Florida*, 233 Fed. App'x 883, 885 (11th Cir. 2007) (unpublished).

### III.  DISCUSSION

Defendant is a Massachusetts corporation with its principal place of business in Texas. (Doc. 1 ¶ 3.) Defendant provides healthcare services in Brevard County, Florida. (*Id.* ¶ 6.) It is registered to do business in Florida as a foreign not for profit corporation.[1] Under the federal rules, a corporate defendant may be served by:

> delivering a copy of the summons and of the complaint to an officer, a managing or general agent, **or any other agent authorized by appointment or by law to receive service of process** and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h)(1)(B) (emphasis added).

The Amended Verified Return of Service affidavit reflects that Defendant was served on January 29, 2024, through service on its registered agent, CT Corporation

---

[1] *Detail by Entity Name of Steward Medical Group, Inc.*, Division of Corporations, an official State of Florida website, https://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=STEWARDMEDICALGROUP%20F170000010400&aggregateId=fornp-f17000001040-e790318d-8a1f-483b-94e9-59c80cd62254&searchTerm=Steward%20Medical%20Group&listNameOrder=STEWARDMEDICALGROUP%20F170000010400 (last visited Apr. 23, 2024).

System, by serving a manager for the registered agent. (Doc. 11-1.) Florida's Division of Corporation's website confirms that CT Corporation System is Defendant's registered agent. *See supra* n.1. Therefore, service was effective under Rule 4(h)(1)(B).[2] Since Defendant was served on January 29, 2024, and more than 21 days have passed with no responsive pleading filed, default is appropriate. Fed. R. Civ. P. 12(a)(1)(A)(i).

## IV. CONCLUSION

Accordingly, it is **ORDERED** as follows:

1. Plaintiff's Motion (Doc. 11) is **GRANTED**.
2. The Clerk is **DIRECTED** to enter a default against Defendant.

**DONE** and **ORDERED** in Orlando, Florida on April 25, 2024.

*[signature]*

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

---

[2] Moreover, Florida Statute § 48.091(4) states that service of process on an employee of a registered agent that is not a natural person is acceptable.